1  MARC E. MAYER (SBN 190969)
     mem@msk.com
2  ALEXA L. LEWIS (SBN 235867)
     all@msk.com
3  MELINDA M. CARRIDO (SBN 285445)
     m2c@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
5  Los Angeles, CA  90064-1683
   Telephone:   (310) 312-2000
6  Facsimile:   (310) 312-3100

7  Attorneys for Plaintiff
   Blizzard Entertainment, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

| 12 | Blizzard Entertainment, Inc., a Delaware corporation, | CASE NO. CV17-1001 |
|---|---|---|
| 13 | | **COMPLAINT FOR:** |
| 14 | Plaintiff, | **(1)  INFRINGEMENT OF FEDERALLY REGISTERED MARK [15 U.S.C. § 1114];** |
| 15 | v. | |
| 16 | Blizzard Sports Center, Inc., a California corporation, and Does 1 through 10, inclusive, | **(2)  FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)];** |
| 17 | | |
| 18 | Defendants. | **(3)  UNFAIR COMPETITION [Common Law and Cal. Bus. & Prof. Code § 17200];** |
| 19 | | **<u>DEMAND FOR JURY TRIAL</u>** |

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

8805144.4

**COMPLAINT**

Plaintiff Blizzard Entertainment, Inc. ("Blizzard") avers as follows:

## NATURE OF THE ACTION

1.     This is an action for trademark infringement and false designation of origin under the federal Lanham Act, and unfair competition under California law. At issue in this action is the blatant and willful appropriation of one of Blizzard's most valuable assets – its well-known BLIZZARD brand – by a sports and entertainment center located just steps away from Blizzard's Irvine, California campus and whose stated goal is to develop young athletes into "legends of the game."

2.     Blizzard is one of the world's leading developers and publishers of computer and video game software.  For more than 20 years, Blizzard has developed, produced, marketed, distributed, and licensed games and related entertainment products and services, including competitive "electronic sports" products and competitions, under the brand name BLIZZARD.  Based on Blizzard's lengthy, continuous, and uninterrupted use, BLIZZARD has become synonymous with Blizzard and its high-quality, well-designed entertainment products, especially in Orange County, where Blizzard is headquartered and employs hundreds of people.

3.     With full knowledge of Blizzard and its trademark rights in the word BLIZZARD, Defendant Blizzard Sports Center, Inc. ("BSC") has unfairly and unlawfully adopted and used the BLIZZARD name in connection with its marketing, advertising, and promotion of services in the Orange County area that promise to turn young athletes into "legends of the game."  BSC apparently hopes and intends that by its use of the BLIZZARD brand name consumers will mistakenly believe that BSC's services and facility are in some manner associated with Blizzard and its high-quality products.  Through its conduct, BSC has willfully created circumstances whereby members of the public are likely to be led to incorrectly believe that BSC is authorized by, sponsored by, or affiliated with

Mitchell
Silberberg &
Knupp LLP

8805144.4

**COMPLAINT**

1  Blizzard, its well-known marks, and the products provided thereunder.  BSC's

2  conduct must cease, and Blizzard should be compensated for the damage to its

3  brand as a result of BSC's conduct.

4  **JURISDICTION AND VENUE**

5  4.  This is an action arising in part under the Lanham Act, 15 U.S.C.

6  § 1051, *et seq.* and under California statutory and common law.

7  5.  This Court has subject matter jurisdiction over this matter pursuant to

8  15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) in that it involves an

9  action arising under the Lanham Act.  This Court has supplemental jurisdiction

10  over the state law claims pursuant to 28 U.S.C. § 1367.

11  6.  BSC is subject to personal jurisdiction in the state of California

12  because the unlawful conduct complained of herein causes injury in this judicial

13  district; BSC has directed its activities at Blizzard and its trademarks; BSC is

14  located in this judicial district; and BSC transacts business in and offers its services

15  for sale in this judicial district.

16  7.  Venue is proper in this judicial district pursuant to 28 U.S.C.

17  § 1391(b) in that a substantial part of the events giving rise to this Complaint

18  occurred in this judicial district.

19  **THE PARTIES**

20  8.  Blizzard is a corporation duly organized and existing under the laws

21  of the State of Delaware, with its principal place of business in Irvine, California.

22  9.  Blizzard is informed and believes, and on that basis avers, that BSC is

23  a corporation organized and existing under the laws of the State of California,

24  having its principal place of business in Lake Forest, California.

25  10.  The true names and capacities, whether individual, corporate,

26  associate, or otherwise, of the defendants sued herein as Does 1-10 inclusive, are

27  unknown to Blizzard, which has therefore sued said defendants by such fictitious

28  names.  These defendants may include individuals whose real identities are not yet

Mitchell
Silberberg &
Knupp LLP

8805144.4

3
**COMPLAINT**

known to Blizzard, but who are acting in concert with one another in committing the unlawful acts alleged herein. Blizzard will seek leave to amend this complaint to state their true names and capacities once said defendants' identities and capacities are ascertained. Blizzard is informed and believes, and on that basis avers, that all defendants sued herein are liable to Blizzard as a result of their participation in all or some of the acts set forth in this complaint. (All of the aforementioned defendants collectively are referred to herein as "Defendants.")

11.     Blizzard is informed and believes, and on that basis alleges, that at all times mentioned in this complaint, each of the Defendants was the agent, alter ego, or representative of each of the other Defendants and, in doing the things averred in this Complaint, was acting within the course and scope of such agency.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.     Blizzard is one of the world's leading developers and publishers of entertainment software. For more than 20 years, Blizzard has developed, produced, marketed, distributed, and licensed computer games and related entertainment products under the word mark BLIZZARD. Some of Blizzard's most popular products include "World of Warcraft," "Diablo," "Heroes of the Storm," "Hearthstone," "StarCraft," and "Overwatch." Since establishing the Blizzard label in 1994, Blizzard has become one of the world's most respected and popular makers of computer games. Blizzard is particularly famous in the growing electronic sports ("e-sports") industry, and, indeed, was one of the pioneers in the industry, being among the first companies to embrace, sponsor, and organize professional e-sports teams and competitions.

13.     Since its inception, Blizzard has consistently, and without interruption, used in commerce the word mark BLIZZARD and an associated logo (depicted below), in connection with interactive entertainment, e-sports and related products.

1
2
3
4
5



6   14.   The BLIZZARD name and logo has been displayed prominently on

7   Blizzard video game products since 1994, including on the front and back covers

8   of the physical products, on the screen displayed when the game is launched, and

9   occasionally, within the game itself.  The below examples illustrate just some of

10  the ways in which the BLIZZARD mark is used:

11
12
13




14
15
16
17
18

19   15.   The BLIZZARD name and logo also is used on a variety of related

20  products and services.  This includes, for example, clothing and apparel such as T-

21  shirts, sweatshirts, and jackets, as well as bags and backpacks.  The BLIZZARD

22  name and logo also is displayed prominently throughout e-sports events and

23  tournaments worldwide, and at BlizzCon, an annual video game convention held

24  by Blizzard to promote its games and to celebrate its global community of players.

25   16.   Blizzard is headquartered in Irvine, California, and the BLIZZARD

26  name and logo is displayed prominently on and near Blizzard's Irvine campus,

27  which employs more than 2,500 people.

28

17.     Blizzard has invested millions of dollars and enormous time, effort, and resources developing and promoting its BLIZZARD name and logo.  As a result, the BLIZZARD name and logo have become known throughout the United States and the world by consumers, purchasers and members of the public as signifying interactive entertainment, e-sports, and related products and services originating from Blizzard.  Blizzard has acquired a valuable reputation and goodwill among the public as a result of such association.

18.     In addition to its common law trademarks in the BLIZZARD name and logo, Blizzard is the owner of numerous U.S. registrations in the U.S. Patent and Trademark Office ("PTO") for BLIZZARD word marks and logos, including Registration Numbers 2,410,749; 2,548,929; 2,433,353; 2,440,620; 2,492,072; 2,490,187; 1,993,894; 2,490,188; 2,494,000; 3,532,348; and 2,410,748.  Among the goods and services encompassed by these registrations are entertainment services, arranging and conducting e-sports competitions, clothing, and toys and games.  Certain of these registrations have been deemed incontestable pursuant to 15 U.S.C. § 1065.  Blizzard's common law and federally registered trademarks herein are referred to collectively as the "BLIZZARD Marks."

19.     The BLIZZARD Marks are among Blizzard's most valuable assets, and have developed an enormous amount of goodwill among consumers and members of the public.  Blizzard regularly takes steps to protect its valuable BLIZZARD Marks and enforces its rights against those who seek to trade off the goodwill associated with these marks.

20.     Blizzard is informed and believes, and on that basis avers, that in early 2017, BSC began doing business as "Blizzard Sports Center" and also began actively promoting its various sports services and facilities, including by opening a website and related social media accounts and prominently using the brand BLIZZARD.

21.     In order to promote its business, BSC adopted and began using in commerce a logo that is strikingly similar in color, font, and design to the BLIZZARD Marks (pictured below).  Blizzard never authorized the use of its trademark, or any confusingly similar mark, in this manner.

 

22.     After repeated demands by Blizzard, BSC finally changed its logo on its website, but it continues to use an infringing logo on marketing materials and social media sites, and BSC refuses to cease using the BLIZZARD word mark, and thus continues to capitalize on Blizzard's goodwill among consumers and members of the public.  Blizzard also is informed and believes, and on that basis avers, that BSC has sold or offered to the public T-shirts and athletic apparel bearing the BLIZZARD Marks.

23.     BSC's sports center is located only a few miles from Blizzard's campus located in Irvine, California, and is targeted at youth and their parents, who are among Blizzard's primary consumers.  With over 2,500 individuals employed at its headquarters, Blizzard is one of the largest employers in Orange County. BSC's use of the BLIZZARD name in and around the Orange County region makes confusion particularly likely.

24.     Based on the foregoing, Blizzard is informed and believes, and on that basis avers, that in adopting and using the BLIZZARD name, or using a confusingly similar mark and name, BSC intended to appropriate and trade off Blizzard's goodwill, and intentionally used the BLIZZARD Marks to confuse and

mislead consumers into believing that its sports center either is Blizzard, or is associated with, affiliated with, or sponsored by, Blizzard.  In fact, BSC earlier attempted to register a trademark in the mark BLIZZARD JUNIORS, and was advised by Blizzard that the use of that mark was infringing.  Nevertheless, BSC proceeded with its adoption of the BLIZZARD name for its sports center.

## FIRST CLAIM FOR RELIEF

### FEDERAL TRADEMARK INFRINGEMENT

### (15 U.S.C. § 1114)

25.    Blizzard incorporates herein by reference the averments of paragraphs 1 through 24 as though fully set forth herein.

26.    Blizzard is the owner of all right, title, and interest in the BLIZZARD Marks and has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

27.    With actual and constructive notice of Blizzard's federal trademark registrations and of Blizzard's extensive and continuous use of the BLIZZARD Marks, Defendants have used, and are continuing to use, its confusingly similar marks and name (the "Infringing Marks") in the United States upon goods and services closely related to the goods and services in connection with which Blizzard uses its BLIZZARD Marks.

28.    Defendants' use of the Infringing Marks, including in connection with providing a sports facility, organization of sports competitions, the promotion, sale, and offering for sale of related coaching and instruction services, and the sale of clothing and other apparel is likely to cause confusion, deception, and mistake among consumers.  Buyers and persons who encounter Defendants' sports facility (either in person or online) or encounter individuals wearing Defendants' apparel emblazoned with the BLIZZARD Marks will think that these goods and services are licensed or approved by Blizzard.  This includes initial interest confusion, confusion at the time of sale, and post-sale confusion.  In actual fact, Blizzard does

1   not authorize Defendants' use of the Infringing Marks on any of its goods or

2   services, and strongly objects thereto.

3       29.     Defendants know that their use of the Infringing Marks is infringing,

4   have reason to know that it is infringing, and/or have been recklessly indifferent to

5   the fact that such use was and is infringing.

6       30.     Defendants' acts have caused or are likely to cause, unless restrained

7   by this Court, Blizzard and the public to suffer great and irreparable damage and

8   injury through, *inter alia*, (a) a likelihood of confusion, mistake, and deception

9   among the relevant purchasing public and trade as to the source of the infringing

10  products and services; and (b) the loss of Blizzard's valuable goodwill and

11  business reputation symbolized by its BLIZZARD Marks.  Blizzard has no

12  adequate remedy at law.

13      31.     Defendants' continued and knowing use of the Blizzard Marks

14  without Blizzard's consent or authorization constitutes intentional infringement of

15  Blizzard's federally registered BLIZZARD Marks in violation of Section 32 of the

16  Lanham Act, 15 U.S.C. § 1114, and renders this an "exceptional case" under 15

17  U.S.C. § 1117(a).  Based on such conduct, BLIZZARD is entitled to injunctive

18  relief as well as monetary damages, and other remedies provided by Sections 1116,

19  1117, and 1118, including Defendants' profits, treble damages, reasonable

20  attorneys' fees, costs and prejudgment interest.

21              **<u>SECOND CLAIM FOR RELIEF</u>**

22              **FALSE DESIGNATION OF ORIGIN**

23                  **(15 U.S.C. § 1125(a))**

24      32.     Blizzard incorporates herein by reference the averments of paragraphs

25  1 through 31 as though fully set forth herein.

26      33.     Blizzard, as the owner of all common law right, title, and interest in

27  and to the BLIZZARD Marks, has standing to maintain an action for false

28

Mitchell
Silberberg &
Knupp LLP

8805144.4

**COMPLAINT**

designation of origin and unfair competition under the Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

34.     Defendants have, without authorization, on or in connection with their services, used in commerce marks that are confusingly similar to the BLIZZARD Marks, and/or has made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Blizzard, and/or as to the origin, sponsorship or approval of Defendants' services and commercial activities.

35.     Blizzard is informed and believes, and on that basis avers, that the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Blizzard's rights.

36.     Defendants knew or by the exercise of reasonable care should have known that the adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to the BLIZZARD Marks would cause confusion, mistake, or deception among purchasers, users and the public.

37.     Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Blizzard's marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Blizzard has been deprived and will be deprived of the value of its BLIZZARD Marks as a commercial asset in an amount as yet unknown but to be determined at trial.  Blizzard seeks an accounting of Defendants' profits, and requests that the Court grant Blizzard three times that amount.

38.     Defendants' acts and omissions have caused and, unless restrained by this Court, will continue to cause Blizzard and the public to suffer great and irreparable damage and injury through, *inter alia*, (a) a likelihood of confusion, mistake and deception among the relevant purchasing public and trade as to the

Mitchell
Silberberg &
Knupp LLP

8805144.4

source of Defendants' infringing services; and (b) the loss of Blizzard's valuable goodwill and business reputation symbolized by its BLIZZARD Marks.  Blizzard has no adequate remedy at law.

39.    Based on Defendants' wrongful conduct, Blizzard is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

40.    Upon information and belief, Defendant has deliberately and willfully used the BLIZZARD Marks in an attempt to capture initial consumer attention and to trade upon the enormous goodwill, reputation and selling power developed by Blizzard in connection with the BLIZZARD Marks, as well as in order to confuse consumers as to the origin and sponsorship of Defendants' services.  Upon information and belief, the intentional nature of the aforementioned acts renders this an exceptional case under 15 U.S.C. § 1117(a), and Blizzard is further entitled to its attorneys' fees and costs of suit herein pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

## UNFAIR COMPETITION

### (Cal Bus. & Prof. Codes 17200, 17208, and 17500, *et seq.*)

41.    Blizzard incorporates herein by reference the averments of paragraphs 1 through 40, as though fully set forth herein.

42.    Defendants have, by reason of the foregoing acts, engaged in unfair and fraudulent business practices.

43.    Defendants' acts have impaired or will impair Blizzard's business and have otherwise adversely affected Blizzard's business and reputation by use of unfair and fraudulent business practices in violation of the California Business & Professions Code, including Sections 17200 to 17208, 17500, *et seq.*, and the common law.

44.     Blizzard is informed and believes, and on that basis avers, that Defendants' acts have caused and, unless restrained by this Court, will continue to cause Blizzard to suffer great and irreparable damage and injury.  Blizzard has no adequate remedy at law.

45.     Upon information and belief, Blizzard avers it will suffer loss of profits and other damage as a result, in an amount to be proven at trial.  On the statutory unfair competition claim, Blizzard seeks only disgorgement of profits and does not seek damages at law.

WHEREFORE, as to all Counts of this Complaint, Blizzard requests that this Court enter a judgment and declaration in favor of Blizzard and against Defendants as follows:

A.     Preliminarily and permanently enjoining and restraining Defendants, all entities under their control, as well as their licensees, partners, assigns, related entities, predecessors, successors, employees, representatives, trustees, receivers, agents, and any other persons or entities acting on behalf of Defendants or with Defendants' authority, from:

(1)     using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark, or other designation of origin that is comprised in whole or in part of the BLIZZARD Marks, or any terms, designs or styles confusingly similar thereto; or

(2)     doing any act or thing that is likely to induce the belief that Defendants' goods or services, or activities are in some way connected with Blizzard and/or Blizzard's business, or that is likely to injure or damage Blizzard or its BLIZZARD Marks; and

B.     Ordering Defendants to:

(1)     pay Blizzard the compensatory damages sustained by Blizzard

1  as a result of the unlawful acts alleged herein and that such damages be

2  trebled pursuant to 15 U.S.C. § 1117 because of the willful and unlawful

3  acts alleged herein;

4       (2)  pay Blizzard punitive damages as a consequence of the willful

5  and wanton acts alleged herein;

6       (3)  account for and pay over to Blizzard all gains, profits and

7  advantages derived from the unlawful acts alleged herein and/or as a result

8  of unjust enrichment;

9       (4)  deliver up for destruction all materials that bear the BLIZZARD

10 Marks, including without limitation all letterhead, signage, brochures, labels,

11 stickers, displays, written materials and other promotional materials;

12      (5)  deliver up for destruction all products that infringe on the

13 BLIZZARD Marks;

14      (6)  reimburse Blizzard for the costs it has incurred in bringing this

15 action, together with its reasonable attorneys' fees and disbursements;

16      (7)  pay Blizzard's costs of corrective advertising; and

17 C.    Awarding Blizzard such other and further relief as this Court may

18 deem equitable.

19

20 DATED:  June 9, 2017            MARC E. MAYER
                                   ALEXA L. LEWIS
21                                 MELINDA M. CARRIDO
                                   MITCHELL SILBERBERG & KNUPP LLP
22

23

24                                 By:   /s/ Marc E. Mayer
                                       Marc E. Mayer
25                                     Attorneys for Plaintiff
                                       Blizzard Entertainment, Inc.
26

27

28

Mitchell
Silberberg &
Knupp LLP

8805144.4

13
**COMPLAINT**

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiff BLIZZARD ENTERTAINMENT, INC. demands a trial by jury of

3   all issues triable of right by jury.

4

5   DATED:  June 9, 2017               MARC E. MAYER

                                        ALEXA L. LEWIS

6                                     MELINDA M. CARRIDO

7                                     MITCHELL SILBERBERG & KNUPP LLP

8

9                              By:  /s/ Marc E. Mayer

                                     Marc E. Mayer

10                                  Attorneys for Plaintiff

                                    Blizzard Entertainment, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

8805144.4

14

**COMPLAINT**